UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCHOENFELDER, INC.,
a Michigan corporation,

       Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,
a licensed insurance company,

       Defendant.
_____/

File No. 1:05-CV-490

HON. ROBERT HOLMES BELL

## **O P I N I O N**

Defendant Allstate Insurance Company removed this case from the 8th Circuit Court for the County of Montcalm, Michigan, on the basis of diversity jurisdiction. This matter is currently before the Court on Plaintiff Schoenfelder, Inc.'s Motion to Remand. Plaintiff alleges that Defendant did not meet its burden of proving that the amount in controversy exceeded $75,000 when Defendant removed this case. For the reasons set forth below, the Court grants Plaintiff's Motion to Remand.

A defendant who removes a case to federal court on the basis of diversity of citizenship has the burden of proving the diversity jurisdiction requirements. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). A federal district court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. 1332(a).

"[T]he determination of federal jurisdiction in a diversity case is made as of the time of removal." *Rogers*, 230 F.3d at 871.

There is no dispute that the parties to this case are citizens of different states and that the diversity of citizenship requirement is satisfied. The parties disagree, however, on the amount in controversy.

In diversity cases the general rule is that the amount claimed by a plaintiff in his complaint determines the amount in controversy. *Rosen v. Chrysler Corp.*, 205 F.3d 918, 920-21 (6th Cir. 2000). Plaintiff alleges in its complaint that Defendant breached its insurance agency termination agreement with Plaintiff and that as a result Plaintiff has been damaged for a sum greater than $25,000. Where, as here, the plaintiff seeks an unspecified amount in damages, the burden is on the removing defendant to show by a preponderance of the evidence, i.e., that it is "more likely than not," that the plaintiff's claims meet the amount in controversy requirement. *Gafford v. Gen'l Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). As this Court has previously held, "[t]he party requesting removal must set forth, in the notice of removal, specific facts supporting the assertion that the amount in controversy exceeds the amount required by statute." *National Nail Corp. v. Moore*, 139 F. Supp.2d 848, 850 (W.D. Mich. 2001) (Enslen, C.J.) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995)). *See also Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001) ("A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is

2

insufficient to meet the defendant's burden."); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) ("If it is unclear what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.").  The notice of removal "is to be strictly construed, with all doubts resolved against removal."  *Durant v. Servicemaster Co.*, 147 F. Supp.2d 744, 748 (E.D. Mich. 2001) (quoting *Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir.1989)).

Defendant alleges in its Notice of Removal that it is more likely than not that the amount in controversy exceeds $75,000 because the amount at issue under the contract is $57,346.18 and Plaintiff has also requested attorney fees and punitive damages.  In support of this assertion Defendant has attached the affidavit of Ago Benavides.

Defendant's notice of removal fails to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.  At best Defendant has shown that the amount at issue under the contract is $57,346.18.[1]  This amount does not exceed the federal requirement of $75,000.  Moreover, Defendant's argument that the addition of attorney fees and punitive damages are sufficient to meet the amount in controversy is unconvincing because Defendant has not identified any facts, statutes or agreements that would support the award of either attorney fees or punitive damages under the facts of this case.  *See Galt G/S*

---

[1]In response to the notice of removal, Plaintiff filed the affidavit of Mark Schoenfelder indicating that although Defendant originally owed Plaintiff $57,346.18 in termination payments, Defendant has paid $23,894.25 under the contract and only 33,451.93 remains due.

*v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998) ("[W]hen there is no direct legal authority for an attorney's fee, a request for a fee cannot be included in the computation of the jurisdictional amount."); *State of Missouri ex rel. Pemiscot County, Mo. v. Western Sur. Co.,* 51 F.3d 170, 173 (8th Cir. 1995) ("[W]e scrutinize a claim for punitive damages more closely than a claim for actual damages."); *Miller v. European American Bank*, 921 F. Supp. 1162, 1167 (S.D.N.Y. 1996) ("If the applicable law would not entitle the plaintiff to the sums claimed as punitive damages, such sums should be excluded in assessing the amount in controversy.").

Finally, Defendant argues that the value of its counterclaim would establish the required jurisdictional amount. There is a split of authority within the Sixth Circuit as to whether the value of compulsory counterclaims should be considered in determining the amount in controversy. *Cf. Firestone Financial Corp. v. Syal*, 327 F. Supp.2d 809, 811 (N.D.Ohio 2004) (declining to consider compulsory counterclaims in determining amount in controversy), *with Swallow & Associates v. Henry Molded Productions*, 794 F.Supp. 660 (E.D. Mich. 1992) (holding that consideration of the amount in controversy should include damages pled in a compulsory counterclaim). Even if this Court were to follow the minority view expressed in *Swallow* and consider the amount of any compulsory counterclaim, Defendant did not mention any potential counterclaims in its notice of removal or include any facts regarding the value of such a counterclaim.

For the reasons stated the Court concludes that Defendant has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, Plaintiff's motion to remand will be granted.

An order consistent with this opinion will be entered.


Date:   August 18, 2005            /s/ Robert Holmes Bell
                                                     ROBERT HOLMES BELL
                                                     CHIEF UNITED STATES DISTRICT JUDGE